UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NQ MOBILE, INC.<br>SECURITIES LITIGATION<br>This Document Relates to: All Actions | Civil Action No. 13-cv-7608-WHP |

### ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

Lead Plaintiffs, having filed an Unopposed Motion for Distribution of Class Settlement Fund, this Court having considered all the papers filed in connection therewith, and based upon all other prior proceedings had herein, and good cause appearing:

IT IS HEREBY ORDERED[1] that:

1. The proposed final Plan of Distribution recommended by the Court-appointed claims administration firm in this matter, Gilardi & Co., LLC ("Gilardi") and set forth in the Affidavit of Michael Joaquin Regarding (A) Mailing of the Notice and Proof of Claim; (B) Administration of Received Proofs of Claim; and (C) Proposed Distribution of Settlement Fund, dated May 10, 2017 (the "Joaquin Affidavit"), is approved as fair and reasonable;

2. Gilardi's administrative determinations accepting the claims as set forth in Exhibit B-1 of the Joaquin Affidavit, and accepting the additional late but otherwise valid claims postmarked through and including March 31, 2017, as set forth in Exhibit B-2 of the Joaquin Affidavit, are approved, and such claims are accepted;

3. The administrative determinations of Gilardi rejecting other claims, as set forth in Exhibit B-3 to the Joaquin Affidavit, are approved and such claims are rejected;

---

[1] All capitalized terms used herein, to the extent not separately defined, shall have the same meanings as given to them in the parties' Stipulation and Agreement of Settlement, dated November 17, 2015, or in the Court's subsequent Orders dated August 3, 2015 and March 11, 2016 that, respectively, preliminarily and finally approved the Settlement.

1

4.  Any claims received after March 31, 2017, are, and shall be, rejected;

5.  Gilardi shall be paid the additional sum of $116,354.03 from the Settlement Fund for the balance of its fees and expenses incurred (and yet to be incurred) in connection with services performed, and to be performed, by Gilardi in administering the Settlement and actually distributing the Settlement Fund to Class Members;

6.  The balance of the Net Settlement Fund (after deducting claims administration payments previously allowed and those approved herein) shall be distributed to the accepted claimants listed in Exhibits B-1 and B-2 to the Joaquin Affidavit, in accordance with the Distribution Plan;

7.  The payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY.  VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED 120 DAYS AFTER ISSUE DATE."  Lead Counsel and Gilardi are authorized to take appropriate actions to locate and/or contact any eligible claimant who has not cashed his, her, or its distribution within said time;

8.  If there is any balance remaining in the Settlement Fund after six months from the date of the issuance of payments referenced in ¶7 (whether by reason of tax refunds, uncashed checks, or otherwise), any such balance shall be reallocated among and distributed to Authorized Claimants in an equitable fashion, if logistically feasible and economically justifiable and, after any such reallocation (or if no such reallocation is undertaken), any remaining balance shall be donated to The New York Bar Foundation, a 501(c)(3) non-profit organization, as authorized by the March 11, 2016 Final Order and Judgment (ECF No. 171);

9.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in this matter, or otherwise involved in the

administration of the Settlement Fund, including Lead Counsel and Gilardi ("Released Persons") are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claim against the Settlement Fund or any of the Released Persons beyond the amount allocated to them pursuant to this Order;

10. Gilardi is hereby authorized to destroy paper or hard copies of the Proof of Claim forms and supporting documents no less than one year after the distribution of the Net Settlement Fund to eligible claimants, and to destroy electronic or magnetic media data no less than three years after the distribution of the Net Settlement Fund to the eligible claimants; and

11. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

SO ORDERED:

DATED: May 18, 2017
New York, NY

_____
WILLIAM H. PAULEY III
U.S.D.J.

3